ROSALINA RODRÍGUEZ DE LAUSELL, como apoderada de JOSÉ RIVERA RIVERA, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. WILFRIDO ROBERTS, JUEZ, demandado.

*Número:* C-65-74    *Resuelto:* 24 de junio de 1966

*Norman A. Pardo,* abogado de los peticionarios.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

En su recurso ante nos la peticionaria alega que obtuvo sentencia en rebeldía en contra de los tenedores desconocidos de un pagaré hipotecario que ella pagó pero que se le extravió. Como la sentencia ordena al Registrador de la Propiedad que mediante anotación al margen cancele la hipoteca otorgada en garantía de dicho pagaré con el objeto de dar efectividad a esta determinación la peticionaria solicitó del secretario del tribunal de instancia una certificación de que no se había radicado recurso de apelación o revisión en el caso por lo que la sentencia era final y firme. A esto se negó el secretario del tribunal, presentando entonces la peticionaria una moción al tribunal solicitando se ordenara al secretario que expidiera dicha certificación. El Tribunal la declaró sin lugar.

En apoyo de su recurso ante nos apunta la peticionaria que el tribunal de instancia incurrió en error al negarse a ordenar la expedición de la certificación solicitada ya que a los fines de que la sentencia se convirtiese en final y firme no había que notificarla a los demandados desconocidos. Arguye en apoyo de esta contención que de acuerdo con lo dispuesto en las Reglas Núms. 65.3 y 67.2 de las de Procedi-

miento Civil no hay que notificar las sentencias a los que estuviesen en rebeldía por haber dejado de comparecer; que la Regla 4.2 de las de Procedimiento Civil requiere que se especifique en el emplazamiento que de no contestar la demandada dentro del término prescrito podrá dictarse la sentencia en rebeldía y que de ese apercibimiento "comienza a transcurrir el término para que el demandado comience a hacer diligencias para defenderse de la acción en su contra, y es ahí cuando un demandado tiene que demostrar interés en el pleito, de lo contrario sufre el riesgo de que se dicte sentencia, y si es su interés apelar de la misma estar pendiente en la Secretaría del Tribunal la fecha del registro en autos de la notificación al demandante, que es cuando a nuestro entender y de conformidad con la Regla 65.3 en relación con la 67.1, es que comienza el término de 30 días para apelar de la misma."

No hay duda que tendría razón la peticionaria si la regla actual leyese como disponía la Regla 77(d) de las anteriores Reglas de Enjuiciamiento Civil. Esta regla disponía que:

"Inmediatamente después de registrarse una orden o sentencia el *Secretario dará aviso* de tal registro por correo en la forma provista por la Regla 5 *a todas las partes afectadas por la orden o sentencia que no estuvieren en rebeldía por haber dejado de comparecer,* y hará constar en el libro registro el envío por correo de la notificación. El depósito de la notificación en el correo será aviso suficiente para todos los fines para los cuales se requiera por estas Reglas una notificación del registro de una orden; pero cualquiera de las partes podrá, además, notificar dicho registro en la forma provista en la Regla 5 para la notificación de documentos." (Énfasis nuestro.)

La actual Regla 65.3 de las de Procedimiento Civil que sustituyó la que acabamos de transcribir lee así:

"Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario dará aviso por correo de tal archivo a todas las partes afectadas por la orden o sentencia, en

la forma preceptuada por la Regla 67 y consignará en el Registro de Pleitos el envío por correo de la notificación. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia."

Nótese que se omitió en la nueva redacción la excepción que se establecía de que *a las partes afectadas que estuvieren en rebeldía por haber dejado de comparecer* no había que notificarles la sentencia dictada en su contra. Indudablemente, se omitió de manera que se diese cumplimiento en los casos de sentencias en rebeldía a lo provisto por la Regla 53 de las de Procedimiento Civil, a los fines de fijar el plazo de 30 días dentro del cual deberá presentarse el escrito de apelación o la solicitud de revisión. Cf. *Valiente & Co.* v. *Sucn. Fuentes*, 51 D.P.R. 327, 331 (1937). También se omitió la forma opcional prescrita en la anterior Regla 5 de las de Enjuiciamiento Civil de 1943 que en la actualidad corresponde a la Regla 67 de las de Procedimiento Civil de 1958 en la cual, como se verá de su redacción que a continuación copiamos, se conserva la excepción de no notificar a las partes en rebeldía por falta de comparecencia toda orden, que de acuerdo con sus términos deba ser notificada, toda alegación subsiguiente a la demanda original o moción que no pueda ser oída *ex parte*.

*Regla 67.1.*

"Toda orden que de acuerdo con sus términos deba ser notificada, toda alegación subsiguiente a la demanda original, a menos que el tribunal ordenare otra cosa debido al número de demandados, y toda moción escrita que no puede ser oída ex parte, se notificará a cada una de las partes afectadas por las mismas. No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes en rebeldía se les notificarán en la forma dispuesta en la Regla 4 para diligenciar emplazamiento."

*Regla 67.2.*

"Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma. La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo, a su última dirección conocida, o de ésta no conocerse, dejándola en poder del secretario del tribunal. Entregar una copia, conforme a esta regla, significa ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretario o de otra persona a cargo de la misma; o si no hubiere alguien encargado de la oficina dejándola en algún sitio conspicuo de la misma, o si la oficina estuviere cerrada o la persona a ser notificada no tuviere oficina, dejándosela en su domicilio o residencia habitual en poder de alguna persona de suficiente edad y discreción que resida allí. La notificación por correo quedará perfeccionada al ser depositada en el correo."

*Regla 67.3.*

"En cualquier pleito en que haya un número extraordinario de demandados, el tribunal, a moción o a propia iniciativa, podrá ordenar que la notificación de las alegaciones de los demandados y las réplicas a las mismas no se hagan por los demandados entre sí y que cualquier demanda contra coparte, reconvención o materia que constituya una excusa o defensa afirmativa contenida en las mismos, se considere negada o impugnada por todas las demás partes y que la presentación en secretaría de tal alegación y su notificación al demandante constituya suficiente notificación de la misma a todas las partes. Copia de cada una de dichas órdenes será entregada a las partes en la forma que el tribunal ordene."

Es evidente, pues, que del beneficio de notificación de una orden o sentencia que establece la referida Regla 65.3 no se exime a las partes en rebeldía por haber dejado de comparecer, como lo hace la Regla 67.1 que exime a estas partes del beneficio de notificación de determinadas órdenes, alegaciones y mociones. También resulta indubitable que la orden a que se refiere la Regla 65.3 no es de la misma naturaleza que la cubierta por la Regla 67.1. Necesariamente, la orden a que se refiere la Regla 65.3 es aquélla en virtud de la

cual se hace una adjudicación de una cuestión en controversia o con respecto a derechos o reclamaciones de las partes. Las órdenes a que se refiere la Regla 67.1 necesariamente no son de esta naturaleza. El hecho de que en la Regla 65.3 se disponga que la notificación de orden o sentencia se haga de acuerdo con la forma preceptuada en la Regla 67 no quiere decir que las Reglas 65.3 y 67.1 cubran órdenes de la misma naturaleza sino meramente que la notificación prescrita por la Regla 65.3 se hará según la forma dispuesta en la Regla 67.2.

Resuelto que es requisito notificar una sentencia a la parte afectada por la misma aunque "esté en rebeldía por haber dejado de comparecer", debemos determinar cuál es el procedimiento a seguir cuando los demandados son desconocidos y por serlos han sido emplazados por edictos, según lo dispuesto en la Regla 4.6 de las de Procedimiento Civil que a esos efectos dispone:

"Cuando se trate de demandados desconocidos su emplazamiento se hará por edictos de conformidad con lo dispuesto en la Regla 4.5, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible, sin que sea necesario que se haga un diligenciamiento negativo, ni que se expida emplazamiento dirigido a dichos demandados."

[3] Como las Reglas de Procedimiento Civil no proveen el procedimiento a seguir en casos como el que nos ocupa, devolvemos el caso al tribunal de instancia para que éste ordene la forma en que deberá hacerse la notificación, conforme a la práctica usual prevaleciente. (Regla 71 de las de Procedimiento Civil.) ([1])

(1) La Regla 71 de las de Procedimiento Civil dispone:
"Cuando no se hubiere provisto un procedimiento específico en estas reglas, el tribunal podrá reglamentar su práctica en cualquier forma que no sea inconsistente con las mismas o con cualquier disposición de ley aplicable."
En 20 de mayo de 1966 este Tribunal adoptó, y el 26 de dicho mes y año remitió a la Asamblea Legislativa, la siguiente Regla enmendatoria de la Regla 65.3 de las de Procedimiento Civil:

*Se anulará el auto expedido y se devolverá el caso al Tribunal Superior, Sala de San Juan, para ulteriores procedimientos no inconsistentes con los términos de esta opinión.*

---

"(a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes afectadas por la orden o sentencia que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67.2. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia.

"(b) El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad fuere conocida, copia de la notificación a la dirección que aparezca del diligenciamiento del emplazamiento, y, si su identidad fuere desconocida o figurare con un nombre ficticio a los fines de la tramitación del pleito, publicando una copia de la notificación en un periódico de circulación general una vez por semana durante dos semanas consecutivas. La notificación se considerará hecha en la fecha de la última publicación.

"(c) El secretario hará constar al dorso de la copia de la constancia de la notificación que una a los autos originales la fecha y forma en que se hizo la notificación y la persona o personas notificadas.

"Si la notificación se diligenciare personalmente, entonces deberá unirse a los autos la certificación del alguacil o del empleado del tribunal que hiciere la notificación, o la declaración jurada de la persona particular que acredite la diligencia."