LA SOCIEDAD DE GANANCIALES CONSTITUIDA ENTRE DOÑA AMELIA DE JESÚS y DON JAIME AMADOR, demandante y recurrida, *v.* SILVESTRE MARTÍNEZ, h/n/c PAN AMERICAN MOTORS y JOSÉ CUBANO, demandados y recurrentes.

*Número:* R-70-254      *Resuelto:* 13 de abril de 1971

*Pedro Pérez Rodríguez,* abogado de los recurrentes; *Guillermo Bauzá, Carlos Bauzá, Otto Bauzá* y *M. Bauzá Rolón,* abogados de la recurrida.

PER CURIAM: La Sociedad de Gananciales Amador de Jesús demandó ante el Tribunal Superior, Sala de San Juan, a Silvestre Martínez h.n.c. Pan American Motors y a José Cubano en reclamación de daños y perjuicios.

Los demandados fueron emplazados y comparecieron representados por el abogado de Manatí, Lcdo. José Juan Rodríguez. Luego de ciertos incidentes procesales los demandados contestaron la demanda por conducto de su referido abogado. En mayo 4 de 1967 el abogado Sr. José Juan Rodríguez presentó una moción renunciando la representación de los demandados. En 19 de diciembre de 1967 el tribunal dictó una orden aceptando la renuncia de representación y concediendo a los demandados 30 días para anunciar su nueva representación legal, cosa que no hicieron.

Con posterioridad a esa orden, el secretario del tribunal cursó varias notificaciones de incidentes del pleito al abogado Sr. José Juan Rodríguez y lo mismo hizo el abogado de los demandantes, tal y como si dicho letrado continuara siendo el abogado de los demandados y a pesar de la orden del tribunal aceptando su renuncia de representación. Ninguna de esas notificaciones fue cursada a los demandados, cuyas direcciones personales aparecen del expediente. Entre esas notificaciones hay varias señalando la vista del caso en su fondo, la última de ellas, para el día 12 de febrero de 1970. No aparece del expediente que esos señalamientos hayan sido notificados a los demandados bien por el secretario del tribunal, bien por el abogado de los demandantes o ya por el abogado Sr. Rodríguez.

Sí aparece que a uno sólo de los demandados, el Sr. Silvestre Martínez, fue notificado por la secretaria del tribunal pero no a su dirección personal sino por conducto del Lcdo. José Rodríguez.

El 12 de febrero se celebró la vista del caso en sus méritos en ausencia de los demandados.

En 10 de abril de 1970 el tribunal dictó sentencia condenando a los demandados a pagar a los demandantes la suma de $5,500.00 y a devolverles un vehículo de motor que se describe en la demanda, con las costas y $300.00 para honorarios de abogado.

Esta sentencia fue notificada en 14 de abril de 1970 al Lcdo. José Rodríguez. No se notificó a los demandados.

En mayo 13 del mismo año, comparecieron los demandados representados por el abogado Sr. Pedro Pérez Rodríguez y solicitaron mediante moción que se dejara sin efecto la sentencia dictada y se señalara una nueva vista del caso en su fondo. En apoyo de su moción alegaron desconocimiento del señalamiento que había hecho el tribunal.

En oposición los demandantes alegaron que se habían hecho muchas notificaciones a la misma dirección y no habían sido devueltas. Sin embargo lo que surge del expediente es que esas notificaciones fueron dirigidas al abogado que originalmente representó a los demandados pero que a la fecha de las notificaciones no existían ya relaciones entre ellos.

Al codemandado José Cubano ni siquiera se le notificó el señalamiento y la sentencia por conducto del abogado Sr. Rodríguez.

A pesar de las constancias en autos el tribunal dictó resolución en 30 de junio declarando sin lugar la moción de los demandados para que se dejara sin efecto la sentencia. Posteriormente los demandados radicaron otra moción solicitando el mismo remedio y también fue declarada sin lugar. Acordamos revisar esas resoluciones.

■ Los hechos de este caso presentan una situación adecuada para que el tribunal a quo, aplicando las disposiciones de la Regla 49.2 de Procedimiento Civil, relevara a los demandados de los efectos de la sentencia, dejándola sin efecto y ordenando un nuevo señalamiento del caso para su vista en los méritos.

■ La Regla 65.3 dispone que inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario dará aviso por correo de tal archivo a todas las partes afectadas por la orden o sentencia en la forma pre-

ceptuada por la Regla 67. Tanto la orden señalando el caso para vista como la sentencia dictada debieron ser notificadas a los demandados mismos, ya que éstos no estaban representados en el pleito por abogado.

La notificación de mociones, órdenes, sentencias, etc., se hacen generalmente al abogado de la parte a ser notificada mas cuando esa parte no comparece por medio de abogado, o como en este caso, habiendo comparecido por medio de abogado prescinde de sus servicios durante la tramitación del pleito, la notificación de todas las mociones y órdenes del tribunal debe hacerse a la parte misma. Véanse, Reglas 63.5 y 67.2 de Procedimiento Civil. De lo contrario, esa parte puede ser privada de su día en corte y como consecuencia, de su propiedad, mediante la ejecución de una sentencia adversa, sin que haya mediado el debido procedimiento de ley.

Por los motivos expuestos *se revocan las resoluciones dictadas por la Sala de San Juan del Tribunal Superior en 30 de junio y 17 de agosto de 1970, se deja sin efecto la sentencia dictada por dicho tribunal en 10 de abril de 1970, y se ordena se haga un nuevo señalamiento para la vista del caso en sus méritos.*