Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI-ESPECIAL

| | | |
|---|---|---|
| PEERLESS OIL & CHEMICALS, INC.<br><br>Recurrida<br><br>V.<br><br>NIDAL KHALIL EL SMAILI; CAROLINE MUÑOZ GAUD; QUEBRADA GAS STATION, INC.; 123 GAS PR, LLC; ADEL BUIRAT; MENGANO; **AYS SERVICE STATION**; ASEGURADORAS D-F<br><br>Peticionarios | KLCE202301279 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2020CV01588<br><br>Sobre: Incumplimiento Contrato; Daños; Interferencia Torticera y Enriquecimiento Injusto |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Martínez Cordero, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

Comparece AYS Service Station LLC (en adelante, AYS o parte peticionaria) para solicitarnos la revisión de la *Orden* emitida el 26 de septiembre de 2023, notificada el 28 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI).[1] Mediante el dictamen recurrido, el foro primario ordenó la celebración de una vista en rebeldía. Sobre dicha *Orden*, la parte peticionaria presentó una *Reconsideración y Solicitud para que el Tribunal Notifique a Todas las Partes y Conforme a Derecho, ciertas Órdenes, Resoluciones y una Sentencia Parcial*.[2] El foro primario denegó la aludida solicitud de reconsideración mediante

---

[1] Apéndice de la parte peticionaria, a las págs. 22-23. Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC), a la entrada 138.
[2] Apéndice de la parte peticionaria, a las págs. 10-18. Véase SUMAC, a la entrada 142.

Número Identificador

SEN2023 _____

*Resolución* emitida el 16 de octubre de 2023, notificándose la misma el 17 de octubre de 2023.[3]

Por los fundamentos que expondremos a continuación, se *expide* el auto de Certiorari y se *revoca* el dictamen recurrido.

I

A continuación, se relatarán los hechos pertinentes para la resolución del recurso, los cuales surgen tanto del expediente ante nos como del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC). La acción judicial en el caso de autos dio inicio el 2 de octubre de 2020, cuando Peerless Oil & Chemicals, Inc. (en adelante, POC o parte recurrida) presentó una *Demanda* por incumplimiento de contrato, interferencia torticera, enriquecimiento injusto, daños y cobro de fianza en contra de Nidal Khalil El Smaili (en adelante, Smaili), Caroline Muñoz Gaud (en adelante, Muñoz), Quebrada Gas Station, Inc. (en adelante, Quebrada Gas), 123 Gas PR LLC (en adelante, 123 Gas), y otras partes reservadas, quienes por ser desconocidas fueron incluidas con nombres ficticios.[4]

Por su relevancia a la presente controversia, es menester destacar que de la *Demanda* se desprende que las direcciones de estos cuatro (4) codemandados son las siguientes:

(i)   **Nidal Khalil El Smaili:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(ii)  **Caroline Muñoz:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(iii) **Quebrada Gas Station, Inc.:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(iv)  **123 Gas PR LLC:** Car[r.] # 2, km 90, Sec. Peña Militar Bo Puentes, Camuy, Puerto Rico 00627

De los autos se desprende que los emplazamientos de los cuatro (4) codemandados nombrados en el párrafo que antecede

---

[3] Apéndice de la parte peticionaria, a las págs. 1-3. Véase, SUMAC, a la entrada 144.

[4] Véase, SUMAC, a la entrada 1.

fueron diligenciados.[5] El 19 de noviembre de 2020, POC presentó una solicitud para que se le anotara la rebeldía a Smaili, Muñoz, Quebrada Gas y 123 Gas y se señalara vista.[6] Conviene señalar que, al día siguiente, los codemandados Smaili y 123 Gas, **comparecieron** mediante una *Moción Anunciando Representación Legal y Solicitud de Prórroga para Alegar,* por conducto del licenciado Orlando R. González Hernández.[7] En dicha moción, quien para ese entonces era la representación legal de Smaili y de 123 Gas, informó que la dirección postal de estos era PO BOX 762, Camuy, Puerto Rico 00627.

Semanas más tarde, el licenciado González presentó su renuncia a la representación legal de Smaili y 123 Gas, por entender que podría tener conflicto entre las partes sobre las cuales asumió representación.[8] Mediante *Orden* emitida y notificada el 16 de diciembre de 2020, el TPI, concedió el relevo. No obstante, de los autos ante el TPI se desprende que, en la misma fecha en que se notificó la aludida *Orden*, el foro primario emitió una *Notificación Enmendada*, la cual notificó a los abogados de récord, entiéndase, a la representación legal de POC y al licenciado González, así como a Smaili directamente, e incluyó en la misma a Quebrada Gas, notificándole también directamente.[9] Es importante destacar que la dirección a la cual se notificó a Smaili y a Quebrada Gas fue a PO BOX 762, Camuy, Puerto Rico 00627.[10]

Tras el foro primario haber provisto término a estas dos (2) copartes para que presentaran las correspondientes alegaciones

---

[5] *Id.,* a la entrada 6.
[6] *Id.,* a la entrada 8.
[7] *Id.,* a la entrada 9.
[8] *Id.,* a la entrada 12.
[9] *Id.,* a la entrada 13, en la cual se encuentra tanto la *Notificación* como la *Notificación Enmendada*. Destacamos que ni en la notificación original, ni en la notificación enmendada, el TPI notificó la autorización sobre relevo de representación legal a 123 Gas.
[10] Destacamos que, hasta ese entonces, la dirección de Quebrada Gas seguía siendo Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627, conforme surge de los autos.

responsivas, sin que se hubiese cumplido con lo ordenado, POC presentó una segunda *Moción Solicitando Anotación de Rebeldía y Solicitud de Vista*.[11] Allí, solicitó que se anotara la rebeldía a Smaili, Muñoz, Quebrada Gas y 123 Gas. Como consecuencia de lo anterior, el 28 de enero de 2021, notificada 29 de enero de 2021, el foro primario dictó y notificó una *Resolución* mediante la cual se le anotó la rebeldía a la parte demandada hasta entonces nombrada, entiéndase, Smaili, Muñoz, Quebrada Gas y 123 Gas, sin mención de nombre alguno. Se desprende del volante de notificación que la representación legal de POC, Smaili, Muñoz y Quebrada Gas fueron notificados del dictamen mediante el cual se les anotó la rebeldía, **no así a 123 Gas, quien no fue notificado**.[12]

De ahí, el 11 de marzo de 2021, Smaili y Muñoz **comparecieron** por conducto de la licenciada Carol J. Colón Santiago mediante una *Moción Asumiendo Representación Legal; Solicitud para Levantar Rebeldía y Prórroga*.[13] En dicha moción, la representación legal informó que las sucesivas notificaciones de sus representados, deberían hacerse en la dirección de su oficina legal en Hatillo y a su correo electrónico.[14] En desacuerdo, el 16 de febrero de 2021, POC presentó su oposición a ambas solicitudes.[15] Por su parte, Smaili y Muñoz se opusieron a lo solicitado por POC.[16] En respuesta, mediante *Resolución* emitida el 11 de marzo de 2021,

---

[11] *Id.,* a la entrada 14.

[12] *Id.,* a la entrada 15. Smaili, Muñoz y Quebrada Gas fueron notificados a la misma dirección: "PO BOX 762 CAMUY, PUERTO RICO 00627-0762".

[13] *Id.,* a la entrada 16.

[14] Destacamos que la Moción presentada el 11 de marzo de 2021, por la licenciada Colón Santiago fue para asumir la representación legal en cuanto a Smaili y Muñoz exclusivamente. Allí, también solicitó otros remedios. En este punto, 123 Gas no contaba con representación legal, pero según hemos visto, ya había comparecido en autos. Es menester señalar que, dicha Moción solo fue notificada a través del SUMAC al representante legal de POC, mediante el sistema de notificación simultánea. En el escrito no se certificó haber notificado a las partes sin abogado, en cumplimiento con la Regla 67.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V.

[15] *Id.,* a la entrada 17.

[16] *Id.,* a la entrada 21. Siguiendo el mismo curso de acción, POC se expresó en torno al escrito suscrito por la licenciada Colón Santiago, y tampoco certificó haber notificado a 123 GAS, quien, para ese entonces y según hemos expresado, no contaba con representación legal.

notificada al día siguiente, el foro primario admitió a la licenciada Colón Santiago como representante legal de Smaili y Muñoz, pero denegó la solicitud para levantarles la rebeldía.[17] Conviene destacar en este punto, que dicha *Resolución* fue notificada únicamente a la representación legal de POC, entiéndase, el Lcdo. Robert A. Fleming y a la licenciada Colón Santiago, quien, para ese entonces, era representante legal de Smaili y Muñoz. Es decir, **el foro primario no notificó su *Resolución*, a Quebrada Gas**, **a quien previamente le había notificado una orden, y mucho menos, a 123 Gas, quien había comparecido al pleito.**[18]

Así las cosas, el 12 de abril de 2021, POC presentó una *Moción Solicitando se Dicte Sentencia en Cuanto a la Primera y Quinta Causa de Acción contra las Empresas Demandadas 123 Gas PR, LLC y Quebrada Gas Station, Inc.*[19] Según hemos expuesto, los codemandados nombrados, para ese entonces tenían la rebeldía anotada, aun cuando se desprende de los autos que a Quebrada Gas y 123 Gas, quienes habían comparecido en autos, no se les notificó dicha *Orden.*

En respuesta a la solicitud presentada por POC, mediante *Orden* emitida el 23 de abril de 2021, el foro primario ordenó a las partes codemandadas a presentar su contestación y en cuanto a las partes en rebeldía, a limitar la misma a indicar si se había cumplido o no con los requisitos de presentar los anejos con la moción para que se admitieran los documentos.[20] Luego de varios incidentes procesales, el 20 de junio de 2021, los codemandados Smaili y

---

[17] *Id.,* a la entrada 24.
[18] *Id.,* a la entrada 24.
[19] *Id.,* a la entrada 25. Esta moción solo fue notificada a Smaili y a Muñoz, a través del SUMAC, por conducto de su representante legal. POC no certificó haber notificado su escrito a las partes sin representación legal a ese entonces, entiéndase, Quebrada Gas ni 123 Gas.
[20] Véase SUMAC, a la entrada 26. Vemos que el foro primario impartió una orden limitada, pero con instrucciones a las partes en rebeldía. Sin embargo, en cuanto a las partes en rebeldía solo notificó la referida Orden a Smaili y Muñoz, por conducto de su representante legal, y a Quebrada Gas al PO Box 762 Camuy, Puerto Rico 00627.

Muñoz presentaron su contestación a la moción presentada por POC.[21] Sin embargo, dicho asunto quedó sometido ante la consideración del foro primario.[22]

Así las cosas, el 21 de septiembre de 2021, notificada al día siguiente, el tribunal *a quo* emitió una *Sentencia Parcial* en cuanto a la solicitud presentada por POC, en lo relativo a las causas de acción sobre incumplimiento de contrato, interferencia torticera y cobro de dinero.[23] En consecuencia, condenó a la parte codemandada Quebrada Gas, Smaili y a Muñoz, a pagar ciertas cuantías con el correspondiente interés aplicable a favor de POC. De igual forma, se ordenó la continuación de los procedimientos con el fin de recibir prueba sobre la pérdida de la inversión de capital por las mejoras realizadas por POC en la estación de Camuy, los daños reclamados en cuanto a la marca (plusvalía) y para determinar si procedía descorrer el velo corporativo e imponer responsabilidad personal a los codemandados Smaili y Muñoz. Nuevamente del volante de notificación se desprende que solo la representación legal de POC, así como la de Smaili y Muñoz fueron notificados.[24] Dicha *Sentencia Parcial* **no fue notificada a Quebrada Gas, quien, aunque no había comparecido en autos, había recibido notificaciones del TPI en las que se emitió el referido dictamen en su contra. 123 Gas, quien había comparecido al pleito** y no contaba con representación legal, tampoco fue notificado.[25]

---

[21] *Id.,* a la entrada 41.

[22] El foro primario notificó que el asunto quedaba sometido. Sin embargo, la notificación de su determinación sobre el particular solo le fue notificada a las partes que, para ese entonces, contaban con representación legal, entiéndase, POC, Smaili y Muñoz. Quebrada Gas y 123 Gas no fueron notificados de dicha determinación.

[23] *Id.,* a la entrada 43.

[24] *Id.*

[25] Véase más adelante en esta *Sentencia* que, el 16 de octubre de 2023, el foro primario emitió una *Resolución,* mediante la cual ordenó a la Secretaría del Tribunal a notificar la *Sentencia Parcial* del 21 de septiembre de 2021, a las codemandadas Quebrada Gas Station Inc. y a 123 Gas PR, LLC a la última dirección en el expediente.

De ahí, el 2 de noviembre de 2021, POC presentó una *Moción Solicitando Enmienda a la Demanda*.[26] Junto al escrito, presentó como anejo, la *Demanda Enmendada*.[27] El propósito de la enmienda fue sustituir a dos (2) de los codemandados que fueron identificados con nombres ficticios, por los siguientes: Adel Buirat (en adelante, Buirat) y A Y S Service Station LLC (en adelante, AYS), extendiendo, además, las causas de acción a estas partes. Mediante *Resolución* emitida y notificada el 10 de noviembre de 2021, el foro primario autorizó la presentación de la *Demanda Enmendada*.[28] Una vez más, únicamente se notificó a las partes que contaban con representación legal, más no se hizo con aquellas que no tenían, a saber, 123 Gas y Quebrada Gas.[29]

Nuevamente, y por su relevancia a la controversia de autos, es menester destacar que de la *Demanda Enmendada* se desprende que las direcciones de los seis (6) codemandados son las siguientes:

(i) **Nidal Khalil El Smaili:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(ii) **Caroline Muñoz:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(iii) **Quebrada Gas Station, Inc.:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(iv) **123 Gas PR LLC:** Car[r.] # 2, km 90, Sec. Peña Militar, Bo Puentes, Camuy, Puerto Rico 00627

(v) **Adel Buirat:** Urb. Los Corales II, 704 Calle Mediterráneo, Dorado, Puerto Rico

---

[26] Véase SUMAC, a la entrada 45.

[27] *Id.* Es preciso destacar que POC notificó la *Moción Solicitando Enmienda a la Demanda*, así como la *Demanda Enmendada* a través del SUMAC, a las partes representadas por abogado, entiéndase, Smaili y Muñoz. No obstante, POC no notificó el referido escrito a las partes que en ese momento no contaban con representación legal. Es decir, no notificó a 123 Gas, quien había comparecido al pleito, ni tampoco notificó a Quebrada Gas quien, aunque no había comparecido en autos, el TPI emitió una *Sentencia Parcial* en su contra, la cual repetimos, no le fue notificada.

[28] *Id.,* a la entrada 48.

[29] En lo pertinente, esta *Resolución* le fue notificada a POC, a través del SUMAC, por conducto de su representante legal, y a Smaili, así como a Muñoz, por conducto de quien, para ese entonces, era su representante legal, la licenciada Colón Santiago. Es de ver que la referida *Resolución* no le fue notificada a las partes que no contaban con representación legal, entiéndase, 123 Gas y Quebrada Gas.

(vi) **A Y S Services Station, LLC:** Carr. 486 km 0.1, Barrio Quebrada, Camuy, Puerto Rico; Urb. Los Corales II, 704 Calle Mediterráneo, Dorado, Puerto Rico[30]

Por su parte, en esa misma fecha, el tribunal *a quo* también ordenó que se presentaran los correspondientes proyectos de emplazamiento.[31] Así que, presentado un emplazamiento para AYS y Buirat, el 18 de noviembre de 2021, fue expedido.[32] En el ínterin y a solicitud de POC, el 6 de diciembre de 2021, el foro primario emitió una *Orden de Ejecución de Sentencia Parcial en cuanto a Nidal K. El Smaili y Caroline Muñoz Gaud.[33]* Dicha *Orden* le fue notificada a través del SUMAC únicamente a la representación legal de POC y a la representante legal de Smaili y Muñoz. Según se desprende del volante de notificación, **se omitió a Quebrada Gas contra quien se dictó una *Sentencia Parcial* en su contra y de igual forma, a 123 Gas, quien había comparecido previamente al pleito**. Se desprende de los autos que en la misma fecha en que se emitió la aludida *Orden*, el foro primario emitió otra *Orden*, dejando sin efecto la orden de ejecución de sentencia en cuanto a Smaili.[34]

Siguiendo con las incidencias del caso, de los autos se desprende que, Buirat, así como AYS, fueron emplazados personalmente el 14 de enero de 2022.[35] Siguiendo el tracto procesal, el 15 de febrero de 2022, AYS **compareció** mediante una *Solicitud de Término Adicional y para que la Demandante Exponga de Forma más Definida (Regla 10.4)*.[36] En respuesta, el foro primario

---

[30] Es importante destacar que en cuanto a los primeros cuatro (4) codemandados previamente enumerados, todavía no se había informado otra dirección para esta fecha. O sea, al 2 de noviembre de 2021, se mantenían estas direcciones. Sin embargo, en cuanto a Buirat y AYS las direcciones de ambos es la misma.

[31] Nótese que solo se presentó un proyecto de emplazamiento para AYS y Buirat. No surge de los autos que se presentara un proyecto de emplazamiento para Quebrada Gas, quien no había comparecido en autos.

[32] Véase SUMAC, a las entradas 55 y 56.

[33] *Id.,* a las entradas 60 y 61.

[34] *Id.,* a la entrada 64.

[35] *Id.,* a la entrada 67.

[36] Apéndice de la parte peticionaria, a la pág. 171. Véase SUMAC, a la entrada 69. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de POC, así como a la de Smaili y Muñoz. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas ni a Quebrada Gas, quienes no contaban con representación legal.

concedió el remedio solicitado por AYS.[37]  De igual forma, concedió término a AYS para presentar su alegación responsiva o moción dispositiva, contado a partir del momento en que POC cumpliera con lo ordenado. Se desprende del volante de notificación que, una vez más, la Secretaría del Tribunal **omitió notificar a Quebrada Gas y a 123 Gas**.[38] En el ínterin, el 17 de febrero de 2023, la representación legal de Smaili y Muñoz, la licenciada Colón Santiago, presentó su renuncia a la representación legal.[39] En dicha moción, se informó que la última dirección conocida de Smaili y Muñoz es PO Box 792, Camuy, PR 00627. El foro primario concedió el relevo mediante *Orden* del 18 de febrero de 2022, notificada el 22 de febrero de 2023. Dicha *Orden* fue notificada a los abogados de las partes, a Smaili y a Muñoz, pero **no así a Quebrada Gas, a 123 Gas ni a Buirat.**[40]

Inconforme con lo resuelto por el foro primario en términos de la concesión de lo solicitado por AYS en su escrito del 15 de febrero de 2022, POC presentó una *Moción de Reconsideración y en Cumplimiento de Orden* el 22 de febrero de 2022.[41] De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de POC. **No surge de la misma que se hubiese certificado haber notificado a 123 Gas, ni a Quebrada Gas, ni a Smaili, ni a Muñoz, ni a Buirat, quienes no contaban con representación legal.**

Así las cosas, el 4 de marzo de 2022, AYS también presentó un escrito intitulado *Desestimación bajo [la] Regla 10.4 de Procedimiento Civil.*[42] En esa misma fecha, POC presentó la *Moción en Respuesta a Moción de Desestimación.*[43] De igual forma que con

---

[37] Véase SUMAC, la entrada Entrada 70.
[38] *Id.*
[39] *Id.,* a la entrada 71.
[40] *Id.,* a la entrada 72.
[41] *Id.,* a la entrada 73.
[42] Apéndice de la parte peticionaria, a la pág. 165. Véase SUMAC, a la entrada 74.
[43] Apéndice de la parte peticionaria, a la pág. 162. Véase SUMAC, a la entrada 75.

la moción anterior, de los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de POC. **No surge de la misma que se hubiese certificado haber notificado a 123 Gas, a Quebrada Gas, a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.**

En perspectiva al estado de los procedimientos, en este punto, sin intención de repetir, el foro primario tenía pendiente resolver la *Moción de Reconsideración y en Cumplimiento de Orden* presentada por POC, así como la *Solicitud de desestimación* presentada por AYS, a cuyo escrito POC respondió con una *Moción en Respuesta a Moción de Desestimación,*[44] y una *Moción Ampliando Moción en Respuesta a Moción de Desestima[ción] y Reiterando Moción de Reconsideración y en Cumplimiento de Orden.*[45]

Por otro lado, el 8 de marzo de 2022, POC presentó una *Moción Solicitando Anotación de Rebeldía.*[46] En ella, solicitó que se anotara la rebeldía a Buirat, habida cuenta de que no había comparecido al procedimiento ni presentada alegación responsiva. En respuesta, mediante *Resolución* emitida y notificada el 9 de marzo de 2022, el tribunal *a quo* anotó la rebeldía al codemandado Buirat.[47] Precisa destacar que dicha *Resolución* fue notificada a los representantes legales de POC y AYS mediante sus correos electrónicos a través de la plataforma SUMAC. En cuanto a Buirat, se le notificó a la siguiente dirección: Barrio Quebrada, Carr. 586 Km 0.1 Camuy, Puerto Rico 00627.[48] Conviene señalar que dicha notificación llegó

---

[44] Apéndice de la parte peticionaria, a la pág. 162. Véase SUMAC, a la entrada 75. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.

[45] Apéndice de la parte peticionaria, a la pág. 158. Véase SUMAC, a la entrada 79.

[46] Apéndice de la parte peticionaria, a la pág. 156. Véase SUMAC, a la entrada 78. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.

[47] Apéndice de la parte peticionaria, a la pág. 155. Véase SUMAC, a la entrada 80.

[48] El foro primario notificó la referida resolución a POC y a AYS por conducto de sus representantes legales. Nótese que, en cuanto a Buirat, se le notificó a la

devuelta con una nota del servicio postal que indicó "Return to Sender Insufficient Address Unable to Forward".[49] La aludida *Resolución* **no le fue notificada a ninguna otra de las partes sin representación legal**.[50]

Con relación a la solicitud de reconsideración mediante la cual se declaró Ha Lugar la solicitud de AYS para que POC presentara una exposición más definida y la solicitud de desestimación, también presentada por AYS, el foro primario emitió una *Resolución* el 2 de septiembre de 2022.[51] En ella, declaró Ha Lugar la solicitud de reconsideración presentada por POC y No Ha Lugar la solicitud presentada por AYS. Concedió, además, término a AYS para presentar una *Demanda Enmendada* y calendarizó otros procedimientos los cuales son innecesarios detallar. Dicha *Resolución* fue notificada el 6 de septiembre de 2023, exclusivamente a los representantes legales de POC y de AYS. Nuevamente, la Secretaría del Tribunal **excluyó de la notificación a las partes que no contaban con representación legal**.[52]

En cumplimiento con lo ordenado, el 20 de septiembre de 2022, POC presentó *Segunda Demanda Enmendada*[53]*,* la cual fue autorizada por el foro primario.[54] En lo pertinente al recurso ante nuestra consideración, adujo que la dirección de la parte recurrida es: Firm Delivery 671 Carr. 337, Peñuelas, PR 00624-7513. En relación con las direcciones de las partes codemandadas arguyó eran las siguientes:

(i) **Nidal Khalil El Smaili:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

---

siguiente dirección: Barrio Quebrada, Carr. 586 km 01. Camuy, Puerto Rico 00627. Lo anterior, a pesar de que en la *Demanda Enmendada* se había informado que el AYS y Buirat compartían la dirección en Urb. Los Corales II, 704 Calle Mediterráneo, Dorado, Puerto Rico.
[49] Véase SUMAC, a la entrada 83.
[50] *Id.,* a la entrada 80.
[51] *Id.,* a la entrada 86.
[52] *Id.*
[53] *Id.,* a la entrada 87.
[54] *Id.,* a la entrada 88.

(ii)     **Caroline Muñoz:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(iii)    **Quebrada Gas Station, Inc.:** Bo. Quebrada, Carr. 486 km 1.67, Camuy, Puerto Rico 00627

(iv)     **123 Gas PR LLC:** Car[r.] # 2, km 90 Sec. Peña Militar, Bo Puentes, Camuy, Puerto Rico 00627

(v)      **Adel Buirat:** Urb. Los Corales II, 704 Calle Mediterráneo, Dorado, Puerto Rico

(vi)     **A Y S Services Station, LLC:** Carr. 486 km 0.1, Barrio Quebrada, Camuy, Puerto Rico; Urb. Los Corales II, 704 Calle Mediterráneo, Dorado, Puerto Rico

Conviene destacar que, al momento de presentar la *Segunda Demanda Enmendada*, POC **no certificó haber notificado a las partes sin representación legal para ese entonces**. Es decir, la única parte que quedó notificada de la *Segunda Demanda Enmendada* a través SUMAC fue AYS, por ser la única que contaba con representación legal en ese momento. En ese sentido, Smaili, Muñoz, Quebrada Gas, 123 Gas y Adel Buirat **no fueron notificados de forma simultánea de la presentación de la *Segunda Demanda Enmendada.***

Beneficia a la comprensión del presente caso que, en la referida *Segunda Demanda Enmendada,* se informó que la dirección física de AYS, era la previamente informada en la *Demanda Enmendada.* Sin embargo, en la novena alegación de la referida demanda, se adujo que en cuanto a la dirección postal de AYS y de Buirat era la misma, a saber, Urb. Los Corales II, 704 Calle Mediterráneo, en Dorado, Puerto Rico.[55]

Presentada la *Segunda Demanda Enmendada*, AYS presentó *Urgente Solicitud de Prórroga y Término Adicional para Presentar Moción Dispositiva por Razón de Prescripción, Falta de Partes Indispensables y el Emplazamiento y su Diligenciamiento ser*

---

[55] *Id.,* a la entrada 87.

*Defectuosos.*[56] El foro primario accedió a la solicitud presentada por AYS.[57]

El 31 de octubre de 2022, AYS presentó una solicitud de *Desestimación*[58], sobre la cual el foro primario concedió término a POC para replicar. Así pues, POC presentó su *Oposición a Moción Solicitando Desestimación.*[59] Posteriormente, mediante *Orden* del foro primario, este asunto quedó sometido.[60] En todos estos acontecimientos relatados en este párrafo, únicamente se notificó a las partes con representación legal, entiéndase, AYS y POC. **Las partes que no tenían representación legal no fueron notificadas.**

Así las cosas, en atención a la controversia relacionada a la solicitud de *Desestimación* presentada por AYS, mediante *Resolución* emitida el 26 de abril de 2023, notificada al día siguiente, el foro primario la declaró No Ha Lugar y concedió un término final a AYS para presentar su alegación responsiva, so pena de anotarle la rebeldía.[61] Siguiendo el mismo curso de acción, la Secretaría del Tribunal solo notificó la *Resolución* a los representantes legales de POC y AYS, no **así a las partes que no contaban con representación legal en ese momento**.[62]

De ahí, el 30 de mayo de 2023, POC presentó *Moción Solicitando Anotación de Rebeldía,* en relación a los codemandados AYS y Buirat.[63] Como parte de los eventos procesales acaecidos en

---

[56] *Id.,* a la entrada 89. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de POC. No surge de la misma que se hubiese certificado el haber notificado la misma las partes que no contaban con representación legal.

[57] *Id.,* a la entrada 90. El foro primario notificó la *Orden* a los representantes legales de POC y AYS, a través de la plataforma SUMAC, no así en cuanto a 123 Gas, Quebrada Gas, Smaili, Muñoz ni Buirat, a quienes no les notificó.

[58] Apéndice de la parte peticionaria, a la pág. 70. Véase SUMAC, a la entrada 94.

[59] Apéndice de la parte peticionaria, a la pág. 47. Véase SUMAC, a la entrada 103.

[60] *Id.,* a la entrada 110.

[61] Apéndice de la parte peticionaria, a las págs. 26-46. Véase SUMAC, a la entrada 111.

[62] Apéndice de la parte peticionaria, a las pág. 26-46. Véase SUMAC a la entrada 111.

[63] Véase SUMAC, a la entrada 112. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.

el caso ante el TPI, el 30 de mayo de 2023, AYS presentó un recurso de *Certiorari* ante este tribunal revisor, en el caso alfanumérico KLCE202300605.[64] En dicho recurso, se solicitó la revisión de la *Resolución* emitida por el foro primario el 26 de abril de 2023, entiéndase, la denegatoria a la solicitud de *Desestimación.*

Regresando a los eventos procesales ante el foro primario, en la misma fecha en que se presentó el recurso de *Certiorari,* entiéndase, el 30 de mayo de 2023, el foro primario emitió *Resolución,* notificando la misma al día siguiente, mediante la cual anotó la rebeldía a los codemandados AYS y Buirat.[65] En su *Resolución,* el foro primario ordenó que la referida *Resolución* fuese notificada a AYS y a Buirat a la última dirección en el expediente.[66] Dicha *Resolución* fue notificada a los representantes legales de POC y de AYS. En cuanto a las partes sin abogado, solo se notificó a Buirat a la siguiente dirección: Barrio Quebrada Carr 586 km 0.1 Camuy, Puerto Rico 00627,[67] **dirección que no constituye la dirección postal de dicha coparte. No se notificó a ninguna otra de las otras partes que no contaban con representante legal**.

Precisa destacar que dicha notificación fue devuelta por el servicio postal con una nota que indica lo siguiente: "Unable to Forward No Such Street Unable to Forward".[68] Es menester recordar cuál fue la dirección alegada para las coparte AYS y Buirat en la *Demanda Enmendada* y en la *Segunda Demanda Enmendada.* Es de ver que es una dirección distinta a la utilizada por el foro primario. Además, apuntamos que surge de la Entrada 125 en el SUMAC que POC informó que la dirección de AYS y de Buirat no fue donde se le

---

[64] *Id.,* a la entrada 113. Cabe recalcar que dicho recurso fue denegado por esta curia mediante Resolución con fecha del 30 de junio de 2023.
[65] *Id.,* a la entrada 114.
[66] *Id.*
[67] *Id.*
[68] *Id.,* a la entrada 123.

notificó, sino Urb. Los Corales II 704, Calle Mar Mediterráneo, Dorado, PR 00646.[69]

De ahí, el 15 de junio de 2023, AYS presentó un escrito que contiene dos títulos: (i) *Reconsideración de la Resolución Notificada el 31 de mayo de 2023 [Entrada 114], sobre Anotación de Rebeldía*; y (ii) *Solicitud de Paralización de los Procedimientos hasta que los Asuntos Elevados a la Consideración del Tribunal de Apelaciones sean Resueltos Mediante Resolución o Sentencia Final y Firme.*[70] Al día siguiente, POC presentó una *Réplica y Oposición a Moción Solicitando Relevo de Anotación de Rebeldía.*[71] Solicitó, en síntesis, que el foro primario mantuviese la anotación de rebeldía contra AYS y que, una vez concluyera el trámite ante Tribunal de Apelaciones, se señalara y celebrara vista.

En respuesta, el 16 de junio de 2023, ocurrieron varios incidentes procesales. El *primero* fue que el foro primario emitió una *Resolución* mediante la cual dispuso lo siguiente:

> Ha Lugar a la solicitud. Se levanta la anotación de rebeldía. Se deja sin efecto la Resolución del 31 de mayo de 2023 en deferencia al proceso apelativo.[72]

Dicha *Resolución* fue notificada exclusivamente a los representantes legales de POC y de AYS. **La Resolución no fue notificada a las partes que no contaban con representación legal.**[73]

---

[69] *Id.,* a la entrada 125.

[70] *Id.,* a la entrada 117. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de POC. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal

[71] *Id.,* a la entrada 118. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal

[72] *Id.,* a la entrada 119. El foro primario notificó la *Resolución* a los representantes legales de POC y AYS, a través de la plataforma SUMAC, no así en cuanto a 123 Gas, Quebrada Gas, Smaili, Muñoz ni Buirat, a quienes no les notificó.

[73] *Id.,* a la entrada 119.

El *segundo* incidente procesal fue que, habiendo quedado POC inconforme con el curso decisorio del foro primario mediante el cual levantó la rebeldía, presentó una *Reconsideración a Resolución*.[74] En atención a lo anterior, ocurrió el *tercer* incidente procesal, mediante el cual el foro primario emitió una *Resolución* en la que declaró Ha Lugar la solicitud de reconsideración presentada por POC, disponiendo lo siguiente:

> Ha Lugar a la reconsideración. Queda en suspenso la anotación de rebeldía a la parte demandanda [sic] hasta tanto se exprese el Tribunal de Apelaciones.[75]

Siguiendo el mismo curso de acción, dicha *Resolución* fue notificada exclusivamente a los representantes legales de POC y de AYS. **La *Resolución* no fue notificada a las partes que no contaban con representación legal**.[76]

Luego, el 7 de julio de 2023, ocurrieron dos (2) eventos procesales. El primero fue que POC presentó una *Moción Solicitando Afirmación de Anotación de Rebeldía*,[77] a la cual acompañó copia de la *Resolución* final emitida por este Panel en el recurso KLCE202300605. Adujo, en síntesis, que, habida cuenta de que el Tribunal de Apelaciones se expresó denegando la expedición del auto de *Certiorari*,[78] solicitó que se mantuviese anotada la rebeldía contra AYS y Buirat y se continuaran los procedimientos. El segundo y último evento fue que, en respuesta, el foro primario emitió una *Resolución,* notificando la misma el 10 de julio de 2023, mediante la cual anotó la rebeldía a AYS.[79] En su *Resolución*, el foro

---

[74] *Id.,* a la entrada 120. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.

[75] *Id.,* a la entrada 122.

[76] *Id.*

[77] *Id.,* a la entrada 124. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal

[78] En el caso alfanumérico KLCE202300605.

[79] Véase SUMAC, a la entrada 127.

primario ordenó que se notificara a AYS a la última dirección en el expediente. Se desprende del volante de notificación que los representantes legales de POC y AYS fueron notificados. Además, surge una notificación a AYS a la siguiente dirección: Barrio Quebrada Carr 586 km 0.1, Camuy, Puerto Rico 00627. **No surge del volante de notificación que se hubiese notificado a las demás partes que no contaban con representación legal.** De hecho, dicha notificación fue devuelta por el servicio postal con una nota que indica "Return to Sender Insufficient Address Unable to Forward".[80]

Entretanto, a nivel apelativo, ocurrieron varios incidentes procesales. El primero fue que AYS acudió en revisión al Tribunal Supremo de Puerto Rico en torno a nuestra determinación en el recurso KLCE202300605.[81] El segundo fue que el 9 de agosto de 2023, AYS presentó un segundo recurso de *Certiorari,* esta vez, ante este tribunal revisor, en el caso alfanumérico KLCE202300878.[82] En dicho recurso, se solicitó la revisión de la *Resolución* emitida el 7 de julio de 2023, mediante la cual el foro primario anotó la rebeldía a Buriat.[83] Dicho recurso fue resuelto mediante *Resolución* final del 7 de septiembre de 2023.[84] Allí, tras razonar que el recurso no quedó perfeccionado, por no haberse notificado a todas las partes a nivel apelativo, se desestimó el mismo. De dicha *Resolución,* fue solicitada la reconsideración, pero esta fue declarada No Ha Lugar.[85]

Regresando a los procesos ante el TPI, el 25 de septiembre de 2023, POC presentó una *Moción Solicitando Sentencia en Rebeldía.*[86]

---

[80] *Id.,* a la entrada 128.

[81] En el recurso de *Certiorari* CC-2020-0590. Véase SUMAC, a la entrada 133.

[82] Véase SUMAC, a la entrada 130.

[83] *Id.*

[84] *Id.,* a la entrada 135.

[85] *Id.,* a la entrada 145.

[86] *Id.,* a la entrada 136. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas, a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.

Por su parte, en esa misma fecha, AYS presentó escrito al TPI informando haber presentado una solicitud de reconsideración el recurso KLCE202300878, la cual adelantamos, fue declarada No Ha Lugar, mediante *Resolución* emitida por este Panel el 16 de octubre de 2023.[87]

Así las cosas, el 26 de septiembre de 2023, el foro primario emitió la *Orden* recurrida.[88] Mediante dicha *Orden* del 26 de septiembre de 2023, el foro primario señaló la vista en rebeldía en el caso de autos y ordenó que dicha *Orden* fuese notificada "a todas las partes a su última dirección en el expediente".[89] Dicha *Orden* fue notificada a las partes, por la Secretaría del TPI recurrido, el 28 de septiembre de 2023,[90] de la siguiente manera:

(vii) **Peerless Oil & Chemicals:** notificado por conducto de su representante legal, el Lcdo. Robert A. Fleming a su correo electrónico fleming@fleminglex.com. No surge notificación alguna a la parte, directamente, tal y cual ordenado por el TPI.

(i) **Nidal Khalil El Smaili:** notificado a su correo electrónico nidal.76@hotmail.com

(ii) **Caroline Muñoz:** notificada por correo a su dirección PO Box 762, Camuy, PR 00627

(iii) **Quebrada Gas Station, Inc.:** notificado por correo a su dirección PO Box 762, Camuy, PR 00627

(iv) **123 Gas PR LLC:** notificado por correo a Bo. Puentes Sec. Peña Militar, Car (sic) #2, km 90, Camuy, PR 00627

(v) **Adel Buirat:** notificado por correo a Barrio Querbrada [sic], Carr. 586 km 0.1 Camuy, PR 00627

(vi) **A Y S Services Station, LLC:** notificado directamente a Barrio Quebrada, Carr 586 Km 0.1, Camuy, PR 00627 y por conducto de su representante legal, el Lcdo. Raúl E. Varandela Velázquez a su correo electrónico vvre@yahoo.com

---

[87] *Id.,* a las entradas 137 y 145.
[88] Apéndice de la parte peticionaria, a las págs. 22-23. Véase SUMAC, a la entrada 138.
[89] *Id.*
[90] *Id.*

Puntualizamos que las notificaciones dirigidas a 123 Gas,[91] AYS,[92] Buirat,[93] fueron devueltas por el servicio postal al foro primario.

Inconforme con lo dispuesto por el foro primario, el 12 de octubre de 2023, la parte peticionaria AYS presentó una *Reconsideración y Solicitud para que el Tribunal Notifique a Todas las Partes y Conforme a Derecho, Ciertas Órdenes, Resoluciones y la Sentencia Parcial; Solicitud de Orden para que la Demandante le Notifique Conforme a Derecho, al Demandado Adel Buirat, la Segunda Demanda Enmendada.*[94] En su escrito, AYS hizo una relación de ciertas órdenes, resoluciones y de una sentencia parcial y adujo que las mismas no fueron notificadas conforme a derecho. Expresó, además, que la *Segunda Demanda Enmendada* que obra en los autos, no había sido notificada al codemandado Buirat. En virtud de lo anterior, solicitó al tribunal recurrido, en síntesis, que dejara sin efecto la *Orden* emitida el 26 de septiembre de 2023,[95] mediante la cual señaló la vista en rebeldía y procediera a ordenar a la Secretaría del TPI a notificar las referidas órdenes, resoluciones y sentencia parcial conforme a derecho.[96] Conviene señalar que, al presentar su escrito, AYS certificó haber notificado a las partes de la siguiente manera:

(i) **Peerless Oil & Chemicals:** a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC)

(ii) **Nidal Khalil El Smaili:** notificado a su correo electrónico nidal.76@hotmail.com

(iii) **Caroline Muñoz:** notificada a su correo electrónico nidal.76@hotmail.com

(iv) **Quebrada Gas Station, Inc.:** notificado por correo a su dirección PO Box 762 Camuy, PR 00627

---

[91] Véase SUMAC, a la entrada 139.
[92] *Id.,* a la entrada 140.
[93] *Id.,* a la entrada 141.
[94] Apéndice de la parte peticionaria, a la pág. 10. Véase SUMAC, a la entrada 142.
[95] Apéndice de la parte peticionaria, a las págs. 22-23. Véase SUMAC, a la entrada 138.
[96] Apéndice de la parte peticionaria, a la pág. 10. Véase SUMAC, a la entrada 142.

(v)  **123 Gas PR LLC:** notificado por correo a su dirección PO Box 762 Camuy, PR 00627

(vi)  **Adel Buirat:** notificado por correo a su dirección Los Corales II, 704 Calle Mar Mediterráneo Dorado, PR 00646

Por su parte, el 16 de octubre de 2023, POC presentó *Réplica a la más Reciente Moción de AYS*.[97] En resumen, POC se opuso a lo solicitado por AYS.

En respuesta, mediante *Resolución* emitida el 16 de octubre de 2023, y notificada el 17 de octubre de 2023, el foro primario declaró *No Ha Lugar* la solicitud de reconsideración.[98] Específicamente, el tribunal *a quo* dispuso lo siguiente:

> La Sentencia Parcial del 21 de septiembre de 2021 es final y firme. Dicha Sentencia Parcial fue notificada a la representación legal Lcda. CAROL J. COLÓN SANTIAGO de las partes demandadas Nidal Khalil El Smaili y Caroline Muñoz Gaud, conforme a la Moción de Asumir Representación Legal del 11 de marzo de 2021, entrada 16 de SUMAC, a la dirección: LCDA.CAROLJCOLON@GMAIL.COM. Cabe señalar que la Lcda. Colón comparecía en representación de la parte demandada.
>
> Se ordena a la Secretaría la notificación de la Sentencia Parcial del 21 de septiembre de 2021 a la última dirección en el expediente de las partes codemandadas Quebrada Gas Station, Inc. y 123 Gas PR LLC.
>
> La Resolución de Anotación de Rebeldía se le notificó a la parte codemandada Adel Buirat el 9 de marzo de 2022.
>
> La Orden de señalamiento de Vista en Rebeldía se le notificó el 28 de septiembre de 2023 a todas las partes a su última dirección en el expediente.
>
> Por las razones antes expuestas, No Ha Lugar a la solicitud de reconsideración a la Orden del 28 de septiembre de 2023 presentada por la parte codemandada AYS Service Station LLC.
>
> Notifíquese a las partes demandadas a su última dirección en el expediente.[99]

---

[97] Véase SUMAC, a la entrada 143. De los autos se desprende que la referida moción solo fue notificada a través del SUMAC a la representación legal de AYS. No surge de la misma que se hubiese certificado haber notificado la misma a 123 Gas, a Quebrada Gas a Smaili, a Muñoz ni a Buirat, quienes no contaban con representación legal.

[98] *Id.,* a la entrada 144.

[99] *Id.,* a la entrada 142.

Precisa destacar que la antes aludida *Resolución* fue notificada por la Secretaría del Tribunal recurrido, de la siguiente manera:

(i) **Peerless Oil & Chemicals:** notificado por conducto de su representante legal, el Lcdo. Robert A. Fleming a su correo electrónico fleming@fleminglex.com. No surge notificación alguna a la parte, directamente, tal y cual ordenado.

(ii) **Nidal Khalil El Smaili:** notificado a su correo electrónico nidal.76@hotmail.com

(iii) **Caroline Muñoz:** notificada a dirección PO Box 762 Camuy, PR 00627

(iv) **Quebrada Gas Station, Inc.:** notificado por correo a su dirección PO Box 762 Camuy, PR 00627

(v) **123 Gas PR LLC:** notificado a Bo. Puentes Sec. Peña Militar Car (sic) #2 km 90, Camuy, PR 00627

(vi) **Adel Buirat:** notificado a Barrio Quebrada, Carr. 586 km 0.1 Camuy, PR 00627

(vii) **A Y S Services Station, LLC:** notificado directamente a Barrio Quebrada Carr 586 Km 0.1, Camuy, PR 00627 y por conducto de su representante legal, el Lcdo. Raúl E. Varandela Velázquez a su correo electrónico vvre@yahoo.com

Aún en desacuerdo, el 15 de noviembre de 2023, AYS presentó un recurso de *Certiorari*, mediante el cual esgrimió la comisión de cinco (5) errores por el Tribunal de Primera Instancia, a saber:

**ERRÓ** el Honorable Tribunal de Primera Instancia al NO notificar su Resolución dictada el 26 de abril del 2023, [sumac 111], a todas las partes que han comparecido al caso, incluyendo a los codemandados Nidal Khalil El Smaili, Caroline Muñoz Gaud y 123 Gas PR, LLC.

**ERRÓ** el Honorable Tribunal de Primera Instancia al NO notificar su Resolución dictada el 7 de julio del 2023, [sumac 127], a todas las partes que han comparecido al caso, incluyendo a los codemandados Nidal Khalil El Smaili, Caroline Muñoz Gaud y 123 Gas PR, LLC.

**ERRÓ** el Honorable Tribunal de Primera Instancia al notificar ciertas órdenes y resoluciones a los codemandados 123 Gas PR, LLC y al señor Adel Buirat, a direcciones postales incorrectas.

**ERRÓ** el Honorable Tribunal de Primera Instancia al ordenar y señalar Vista en Rebeldía sin tener la debida jurisdicción para ello, por razón de no haber notificado a todas las partes que han comparecido al caso, incluyendo a los codemandados Nidal Khalil El Smaili, Caroline Muñoz Gaud y 123 Gas PR, LLC., o haberles a

[e]stos notificado a direcciones postales incorrectas, las resoluciones dictadas el 26 de abril del 2023, [sumac 111] y el 7 de julio del 2023, [sumac 127].

**ERRÓ** el Honorable Tribunal de Primera Instancia al NO ordenar a la Recurrida notificar su Segunda Demanda Enmendada al codemandado Adel Buirat, conforme lo ordena la Regla 67.1 de Procedimiento Civil.

Mediante *Resolución* emitida por este Tribunal el 17 de noviembre de 2023, se ordenó, entre otras cosas, a la parte peticionaria acreditar haber notificado el recurso al TPI, así como a todas las partes. En cumplimiento con lo ordenado, la parte peticionaria presentó un escrito el 17 de noviembre de 2023, mediante el cual acreditó haber notificado al TPI. En cuanto a la notificación a todas las partes, acreditó haberles notificado de la siguiente manera:

(i) **Peerless Oil & Chemicals:** notificado por conducto de su representante legal, el Lcdo. Robert A. Fleming a su correo electrónico fleming@fleminglex.com

(ii) **Nidal Khalil El Smaili:** notificado a su correo electrónico nidal.76@hotmail.com

(iii) **Caroline Muñoz Gaud:** notificada a su correo electrónico nidal.76@hotmail.com

(iv) **Quebrada Gas Station, Inc.:** notificado por correo certificado a su dirección PO Box 762 Camuy, PR 00627

(v) **123 Gas PR LLC:** notificado por correo certificado a su dirección PO Box 762 Camuy, PR 00627

(vi) **Adel Buirat:** notificado por correo certificado a su dirección Los Corales II, 704 Calle Mar Mediterráneo, Dorado, PR 00646.

El 30 de noviembre de 2023, compareció la parte recurrida mediante *Oposición a Petición de Certiorari*. Allí, certificó haber notificado copia del referido escrito a:

(i) AYS notificado por conducto de su representante legal, el Lcdo. Raúl E. Varandela Velázquez a su correo electrónico vvre@yahoo.com

(ii) **Nidal Khalil El Smaili:** notificado a su correo electrónico nidal.76@hotmail.com

(iii) **Caroline Muñoz Gaud:** notificada a su correo electrónico nidal.76@hotmail.com

(iv) **Quebrada Gas Station, Inc.:** notificado por correo electrónico a hpulluck51@yahoo.com

(v) **123 Gas PR LLC:** notificado al correo electrónico 123gasprllc@gmail.com

(vi) **Adel Buirat:** notificado al correo electrónico hcccpa@yahoo.com[100]

Por tanto, contando con el beneficio de la comparecencia de ambas partes, la totalidad del expediente, así como un minucioso examen de los autos ante el TPI en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), procederemos a exponer el derecho aplicable.

II

**A. Expedición del Recurso de *Certiorari***

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[101] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> [...]
> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de

---

[100] En cuanto a las direcciones de correo electrónico descritas en (v) y (vi), es importante aclarar que es la primera vez que se mencionan las mismas.
[101] 32 LPRA Ap. V, R. 52.1.

> Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[102]
> […]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> […]
> (b) *Recurso de "certiorari"* […]
> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.[103]
> […]

El recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[104] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[105] Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria".[106] Conviene desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[107] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[108] La Regla 40 del Reglamento del Tribunal de Apelaciones[109], esboza los criterios que el Tribunal deberá considerar para expedir un auto de *Certiorari*, como sigue:

---

[102] *Id.*
[103] 32 LPRA Ap. V, R. 52.2 (b).
[104] *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico,* 205 DPR 163, 174 (2020).
[105] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[106] *Id.*
[107] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[108] *Id.*
[109] 4 LPRA Ap. XXII-B, R.40.

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[110] Quiérase decir, no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[111]

**B. La Notificación Adecuada y sus efectos**

En nuestro ordenamiento jurídico es necesario que la notificación de las ordenes, resoluciones y sentencias emitidas por los tribunales se den de forma adecuada.[112] Ello, pues así el debido proceso de ley en su vertiente procesal lo exige.[113] Así pues, "[l]a incorrecta notificación de los dictámenes emitidos por los tribunales atenta contra los derechos de las partes al privarles de cuestionar el

---

[110] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[111] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[112] *Berrios Fernández v. Vázquez Botet,* 196 DPR 245, 250 (2016).
[113] *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86, 94 (2011).

dictamen emitido y causarles demoras e impedimentos en el proceso judicial.[114] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[115]

En armonía con lo antes expuesto, el Tribunal Supremo de Puerto Rico ha explicado que "[l]a notificación adecuada de una parte es aquella que se dirige específicamente a la parte o a su representación legal".[116]

En ese sentido, la Regla 67.1 de Procedimiento Civil ordena lo siguiente:

> Se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.
> No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.[117]

Cónsono con lo anterior, nuestro más Alto Foro ha explicado que cuando una parte ha sido debidamente emplazada y tras esto, no ha comparecido, no será necesario que se le notifique todo escrito u orden subsiguiente a la demanda original.[118] Ahora bien, cuando la parte comparece, se deben enviar todas las notificaciones correspondientes, incluso cuando a dicha parte se le haya anotado la rebeldía.[119] En cuanto a la comparecencia de un demandado, la misma se da cuando una parte realice alguna actuación que reconozca el caso en la corte, siempre y cuando no sea atacar la jurisdicción de su persona.[120] Igualmente, nuestra más Alta Curia ha expresado que "[u]na comparecencia mediante moción de

---

[114] *Berrios Fernández v. Vázquez Botet,* supra, 250-251.
[115] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).
[116] *R & G Mortgage v. Arroyo Torres y otros,* 180 DPR 511, 525 (2010).
[117] 32 LPRA Ap. V, R. 67.1.
[118] *Bco. Popular v. Andino Solís, supra,* a la pág. 180.
[119] *Id.*
[120] *Id.,* citando a *Gómez v. Junta Examinadora de Ingenieros,* 40 DPR 662, 667 (1930).

prórroga, traslado o desestimación es suficiente para que la parte sea notificada de todos los escritos y órdenes del tribunal, aun cuando se le haya anotado la rebeldía".[121]

De igual forma es de notar, que conforme al lenguaje de la Regla 67.1 de Procedimiento Civil, el deber de notificar no se circunscribe únicamente al tribunal, sino que las partes también están obligadas a notificar todo escrito que estas presenten. Por esto último se entiende: (i)todas las alegaciones, (ii) todas las mociones que las reglas no indiquen pueden ser consideradas ex parte, (iii) Todo escrito presentado al tribunal y (iv) todo escrito relacionado con el descubrimiento de prueba.[122]

Asimismo, la Regla 65.3 de Procedimiento Civil regula lo concerniente al proceso de notificación de órdenes, resoluciones y sentencia:

(a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.

(b) El Secretario o la Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.

(c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el

---

[121] *Id.,* a las págs. 180-181.
[122] R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 212-213.

expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación.[123]

Se ha establecido que el notificar una sentencia, orden o resolución a una dirección errónea de una parte equivale a ninguna notificación.[124] Dicha interpretación también se extiende a la notificación que deben hacer las partes entre sí, pues los efectos de no notificar son los mismos.[125]

Por otro lado, en cuanto a quien se le debe notificar, se ha precisado que debe ser "a la parte cuando sea ella exclusivamente la que tenga a su cargo la defensa del pleito, y en los demás casos, al abogado en el pleito o procedimiento".[126] En casos de que un abogado prescinda de sus servicios durante el transcurso del pleito, "la notificación de todas las mociones y órdenes del tribunal debe hacerse a la parte misma".[127] Dicha notificación deberá hacerse en la dirección que obre en autos tal y como dispone la propia Regla 65.3 (b) de Procedimiento Civil.

De igual manera, la notificación a las partes es un requisito importante, para que una sentencia contenga un aspecto de finalidad y firmeza. Un dictamen judicial es final cuando se archiva en autos la notificación y se registra la sentencia, pero se convierte en firme una vez haya transcurrido el término para pedir

---

[123] 32 LPRA Ap. V, R. 65.3.
[124] *Rodríguez Mora v. García Llorens*, 147 DPR 305, 309 (1998).
[125] R. Hernández Colón, *op. cit.* a la pág. 212.
[126] *HRS Erase v. CMT*, 205 DPR 689, 709 (2020), citando a *Jusino v. Masjuán*, 46 DPR 501, 503 (1934).
[127] *Sociedad de Gananciales v. Martinez*, 99 DPR 820, 823 (1971).

reconsideración o apelar sin que esto se haya hecho.[128] Sin embargo, si la sentencia "no se notifica a una parte la misma carece de eficacia y los términos para solicitar remedios o presentar recurso contra ella no decursan".[129] Así, "si no se cumple con el trámite de notificación de las sentencias, éstas no surtirán efecto alguno ni podrán ser ejecutadas".[130]

Finalmente, con la implementación de SUMAC, el Poder Judicial promulgó las *Directrices Administrativas para la presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas.*[131] En lo pertinente, en su inciso IX dispone que se "notificarán por medios electrónicos las órdenes, resoluciones, decretos y sentencias que emita el Tribunal, así como cualquier documento que el Secretario o la Secretaria deba notificar durante un procedimiento civil o criminal, a menos que por orden judicial se disponga de otra manera". En cuanto a los escritos que los abogados presenten en el pleito, las directrices establecen lo que sigue:

> 5. La presentación electrónica de un escrito constituirá la notificación que debe efectuarse entre abogados y abogadas, según disponen las Reglas de Procedimiento Civil y las Reglas de Procedimiento Criminal, siempre y cuando hayan comparecido al caso. Una vez se presente un documento en el SUMAC conforme al procedimiento establecido en la Sección VII de estas Directrices Administrativas, se generará una notificación electrónica del documento presentado a las abogadas y abogados registrados en el caso.

> 6. Si una de las partes en el proceso judicial comparece por derecho propio, será deber del abogado o de la abogada presentante notificar todo escrito que presente en el SUMAC a la dirección que haya consignado la parte en el expediente para fines de notificación. Esta notificación deberá realizarse en la fecha de la

---

[128] *Cruz Roche v. Colon y Otros*, 182 DPR 313, 323, (2011), citando a R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., Ed. Lexis Nexis, 2010, Puerto Rico, págs. 378–379.
[129] R. Hernández Colón, *op. cit.* a la pág. 212.
[130] *Velez v. A.A.A.,* 164 DPR 772, 789 (2005).
[131] *Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos*, aprobadas mediante la OAJP-2013-173 del 10 de enero de 2014, según enmendadas por la OAJP-2017-14 del 2 de marzo de 2017 y la OAJP-2021-088 del 13 de diciembre de 2021.

presentación electrónica. Así lo hará constar y lo certificará en el escrito que presente en el SUMAC. [132]

### III

De entrada, habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari*, este tribunal revisor debe determinar, como cuestión de umbral, si procede su expedición. La parte peticionaria comparece esbozando que el foro primario incidió al presuntamente: (i) no haber notificado a todas las partes de su *Resolución* dictada el 26 de abril de 2023; (ii) no haber notificado a todas las partes de su *Resolución* dictada el 7 de julio de 2023 (iii) notificar ciertas órdenes a direcciones incorrectas en cuanto a 123 Gas y Buirat; (iv) señalar una vista en rebeldía sin tener jurisdicción para ello toda vez no ha notificado a todas las partes que han comparecido al pleito o le ha notificado, pero a direcciones incorrectas; y (v) no ordenar a POC a notificar la *Segunda Demanda Enmendada* a Buirat, conforme lo exige nuestro ordenamiento procesal.

Por su parte, en su escrito de oposición, la parte recurrida plantea, en esencia, que las resoluciones y órdenes judiciales impugnadas se realizaron en estricto cumplimiento con las normativas de procedimiento civil. Además, esta parte sostiene que, en su recurso, la parte peticionaria no logró demostrar una verdadera afectación a sus derechos procesales.

Para ejercer responsablemente nuestra función revisora, y pese a que esta es la tercera vez que las partes acuden a este foro revisor, una vez más se hizo necesario estudiar de forma detenida y minuciosa los autos del presente caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Aclarado lo anterior, y luego de haber estudiado las posiciones de las partes, el expediente en su totalidad y el derecho aplicable, esta Curia ha determinado

---

[132] *Id.*

*expedir* el presente recurso de *certiorari* y entrar en los méritos de los errores formulados por AYS. Luego de evaluar los primeros cuatro (4) errores esgrimidos por la peticionaria juzgamos que guardan estrecha relación, por tanto, procederemos a discutir los mismos en conjunto. Veamos.

En nuestra extensa, pero necesaria relación de hechos procesales relatamos que, una vez se le diligenció el emplazamiento a Smaili, Muñoz, Quebrada Gas y 123 Gas, el 20 de noviembre de 2020, se presentó una *Moción Anunciando Representación Legal y Solicitud de Prórroga para Alegar,* por parte de Smaili y 123 Gas.[133] En otras palabras, Smaili y 123 Gas **comparecieron** al pleito a pesar de que posteriormente, su representación legal solicitara ser relevado del caso. Forzosamente concluimos que, a partir de ese momento, el foro primario estaba **obligado a notificarle cualquier orden, resolución y sentencia** directamente a estas dos partes. De igual manera, la parte recurrida y cualquier otra parte en el pleito también **estaban obligadas a notificarles a Smaili y a 123 Gas cualquier escrito que presentara,** ya sea a través del SUMAC o directamente a la dirección que obrara en el expediente según fuese el caso.

Sin embargo, ello no fue así ya que, desde que el TPI emitió la *Orden* declarando ha lugar el relevo de la representación legal de Smaili y **123 Gas, se omitió notificarle a esta última parte.**[134] Peor aún, cuando el foro primario le anotó la rebeldía a Smaili, Muñoz, Quebrada Gas y 123 Gas, no se le notificó a 123 Gas, pese a **que esta había comparecido.**[135]

Subsiguientemente, compareció por primera vez Muñoz, esta vez, junto a Smaili con otra representación legal, quien

---

[133] Véase SUMAC, a la entrada 9.
[134] *Id.*, a la entrada 13.
[135] *Id.*, a la entrada 15.

posteriormente, también solicitó el relevo. En reiteradas ocasiones, el recurrido no notificó varios de sus escritos a ninguna de las partes que habían comparecido previamente, pero que no contaban con representación legal.[136] Igualmente, es necesario aclarar que la peticionaria también incurrió en la misma conducta al omitir notificar a aquellas partes que no tenían representación legal.[137] Este mismo curso de acción fue seguido por el foro primario, ya que como reseñáramos, en varias ocasiones omitió notificar varias órdenes, resoluciones e incluso, durante un tiempo, una *Sentencia Parcial*, a aquellas partes que no contaban con representación legal pese a haber comparecido.[138]

Uno de los documentos que la parte recurrida no notificó a aquellos que no contaban con representación legal fue la *Demanda Enmendada*, a la cual incorporó a dos partes adicionales: Buirat y a la peticionaria AYS, quienes fueron subsiguientemente emplazados. AYS compareció en autos, más no así Buirat. Ante ello, se le anotó la rebeldía a Buirat, pero se le notificó a una dirección incorrecta, pues, según el expediente, la dirección de Buirat era Urb. Los Corales II, 704 Calle Mediterráneo, Dorado, Puerto Rico y el TPI le notificó la *Resolución* de la anotación de rebeldía a Barrio Quebrada, Carr. 586 Km 0.1 Camuy, Puerto Rico 00627. Abona a lo anterior que, nuevamente, en la notificación de esta *Resolución* fueron preteridas aquellas partes que en aquel momento no contaban con representación legal.

Nótese que, el foro primario no solamente omitió notificar a ciertas partes a quien tenía la obligación de notificar, sino que, en

---

[136] A modo de ejemplo, véase en SUMAC, las entradas 112, 118 y 136.
[137] A modo de ejemplo, véase en SUMAC, las entradas 89 y 117.
[138] A modo de ejemplo, y sin ánimos de ser exhaustivos, véase en SUMAC, las entradas 119,122 y 128.

algunas instancias, notificó a direcciones incorrectas. Esta situación se repitió en varias ocasiones a lo largo del trámite judicial.[139]

Con este preámbulo procesal, y tras juzgar que los primeros cuatro (4) errores se discutirán en conjunto, procederemos a examinar las órdenes y escritos señalados por la parte peticionaria:

1. *Resolución* del 26 de abril de 2023 (entrada 111 de SUMAC) y *Resolución* del 7 de julio de 2023 (entrada 127 de SUMAC). Ambas resoluciones fueron notificadas únicamente a AYS y a POC. **Era necesario que se le notificara a Muñoz, Smaili y 123 Gas, pues estos ya habían comparecido al pleito**.

2. En cuanto aquellas órdenes notificadas a direcciones incorrectas, hemos identificado varias instancias en las cuales se cometió este error. No obstante, en el presente recurso, la parte peticionaria hace referencia a la notificación de la *Orden* del 26 de septiembre de 2023.[140] En ella, se notificó a Buirat a Barrio Quebrada Carr. 586 km 0.1, Camuy, Puerto Rico 00627, a pesar de que la dirección que obraba en el expediente era Urb. Los Corales II, 704 Calle *Mar* Mediterráneo, Dorado, PR 00646.[141]

3. Por último, puesto que en este pleito se han emitido órdenes, resoluciones y una sentencia parcial, o ya sea, notificadas a direcciones incorrectas o simplemente no han sido notificadas, razonamos que el foro primario estaba impedido de ordenar una vista en rebeldía. De hecho, como cuestión de derecho, no se puede catalogar que ni 123 Gas y ni Buirat estén propiamente en rebeldía, pues, nunca se le notificó sobre dicha

---

[139] A modo de ejemplo, véase en SUMAC, la entrada 128, en la cual el TPI notificó incorrectamente a AYS; entrada 114, en la cual se notificó incorrectamente a Buirat, y entrada 13, en la cual se citó incorrectamente a Quebrada Gas.

[140] Apéndice de la peticionaria, a la pág. 22.

[141] Véase SUMAC, a la entrada 125. Aclaramos que resaltamos la palabra *Mar,* pues, en la *Demanda Enmendada* no se indicó que la dirección de Buirat contenga la palabra -*Mar*- antes de *Mediterráneo*. En esta moción, ubicada en la Entrada 125 de SUMAC, POC informó que tenía la palabra *Mar*. El foro primario no requirió explicación sobre esto.

determinación, y sabido es que, un dictamen judicial no es eficaz hasta tanto se notifiquen a todas las partes, en especial, a la parte que resulte adversa.[142]

En fin, tal y como se ha reseñado en esta *Sentencia*, evidentemente, el tracto procesal de este caso está lamentablemente plagado de errores y omisiones en cuanto las notificaciones a las partes se refieren. En dichos errores y omisiones, los actores han sido tanto las partes que han comparecido a través de un representante legal, así como la primera instancia judicial. Es ante la presentación del recurso ante nos y los errores esgrimidos, donde se nos solicita revocar lo actuado y se hace un llamado a que el expediente ante el TPI sea celosamente evaluado y corregido todo aquello que sea necesario, para que brillen los postulados del debido proceso de ley a todas las partes. Es menester nuestro resaltar que, la notificación no es un mero aspecto procesal, sino que es una exigencia constitucional la cual, tanto los miembros de la profesión jurídica, así como los tribunales debemos seguir. Con todo, insistimos, que en este caso es necesario que se realice un examen minucioso de las notificaciones de órdenes, resoluciones y de la sentencia parcial que fueron emitidas por el foro primario, así como de los escritos presentados por los abogados, para dar fiel cumplimiento a estas exigencias procesales. Aclaramos que, esta Curia solo identificó **algunas de las omisiones y errores** en las notificaciones, tras evaluar lo pertinente para atender el recurso de autos.

Por lo anteriormente discutido, colegimos que los primeros cuatro (4) errores formulados por la parte peticionaria se cometieron. Por ello, procede revocar los dictámenes recurridos.

---

[142] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).

Por último, en cuanto al quinto error esgrimido, no pudimos constatar que, en efecto, el foro primario se hubiese negado a ordenar la notificación de la *Segunda Demanda Enmendada* a Buirat. Más bien, luego de examinar los autos, concluimos que el foro primario, en efecto, no ha resuelto dicho asunto, por lo cual juzgamos que es prematura la solicitud presentada por la parte peticionaria. En virtud de lo anterior, concluimos que esta Curia no tiene jurisdicción para atender tal petición. Sabido es que, una solicitud prematura adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[143] Dicho lo anterior, nada impide que una vez el tribunal *a quo* atienda el petitorio de la parte peticionaria, la parte inconforme podrá acudir nuevamente ante este Tribunal revisor.

IV

Por los fundamentos que anteceden, se *expide* el auto de *Certiorari* y se *revoca* el dictamen recurrido. En consecuencia, se devuelve el caso al foro primario para que, sin mayor dilación, continúe los procedimientos, en armonía a lo aquí resuelto. Esta *Sentencia* deberá ser notificada a todas las partes a las direcciones a las que fue notificado el dictamen recurrido, incluyendo, además, el dictamen en reconsideración, así como a las direcciones que fueron informadas en la certificación de envío que surgen del recurso de *Certiorari* y en su escrito en oposición.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[143] *Julia et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001).